IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES EDWARD PAGE, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CA-694-XR |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department of Criminal | § | |
| Justice, Correctional Inst. Division, | § | |
| | § | |
| *Respondent*. | | |

**ORDER**

On this date, the Court considered the Memorandum and Recommendation filed by the Magistrate Judge and the objections thereto.  Doc. No. 12, 15.[1]  The Magistrate Judge recommends dismissing Petitioner's habeas petition as untimely.  The Court accepts the recommendation.

The Court reviews the Memorandum and Recommendation of a Magistrate Judge *de novo* if a party makes objections.  28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").  In this case, Petitioner has made specific objections to the Memorandum and Recommendation, so the Court reviews the Memorandum *de novo*.

Petitioner James Edward Page was found guilty of murder and was sentenced to twenty years in prison on July 17, 2006.  Doc. No. 1 at 2.  Petitioner appealed his conviction to the Texas Fourth Court of Appeals, which affirmed. *Page v. State*, No. 04-06-00576-CR, 2007

---

[1] In his objections, Petitioner asks for more time to "revise and extend" his response.  However, the Court concludes that all necessary information is available for its review and therefore the request is denied.

WL 4547550 (Tex. App.—San Antonio Dec. 28, 2007, no. pet.) (mem. op., not designated for publication).  Petitioner did not file a petition for discretionary review with the Court of Criminal Appeals.  Doc. No. 1 at 3.  The one-year AEDPA limitations period began to run on January 28, 2008.

Almost seven months after his AEDPA limitations began, on August 8, 2008, Petitioner hired attorney Alex Scharff to file his state petition for habeas corpus.  Doc. No. 1 at Exh. A.  In addition to a letter sent August 8, 2008, Petitioner mailed Scharff two more letters in September and October.  *Id.* at Exh. B.  Petitioner stated in the October letter that he had not heard from Scharff, that his AEDPA statute of limitations would expire in January 2009, and that it was "imperative" that he hear from Scharff soon.  *Id.*  The AEDPA limitations period expired on January 28, 2009.

Scharff visited Page at his unit on February 12, 2009 and told him that things were "looking good."  *Id.* Exh. I. Petitioner's sister wrote him on February 16, 2009, stating that she met with Scharff and his partner Campion, and that Scharff was "well aware" of the "appeal date" of March 17, 2009 and that he would file before then.  Doc. No. 1 at Exh. C.  An October 23, 2009 letter from Scharff's sister indicates that Campion told her that "the appeal had been filed" and he was waiting on the "finalization."  *Id.* at Exh. D.  Page's sister wrote, "He responded by telling me that the appeal had been submitted and that he would have more information for me on Thursday, October 22, 2009."  *Id.*  Petitioner requested on November 1, 2009 that Scharff provide him with his trial records and a copy of the filed state habeas petition.  *Id.* at Exh. E.  Page sent another letter on November 16, 2009 requesting a copy of the state writ application.  *Id.* at Exh. F.

Eventually, Petitioner sent a complaint to the State Bar of Texas. *Id*. at Exh. I. In his May 7, 2010 response letter to the State Bar, Scharff stated that he informed Page "that there was no time limit to file the writ." *Id.* Scharff further wrote, "We also asked [Page's sisters] to let us know if they just wanted us to go ahead and file it but they told us no." *Id.* Page responded, pointing out that Scharff's response was inconsistent with his facts – reiterating that Scharff told his sister that the appeal had been filed and that he had said he was "well aware of the appeal date" of March 17. Page complained that Scharff was ignorant of the AEDPA limitations period, stating that he had one year from the time his direct appeal was affirmed in which to file his federal writ, minus the time in which a state habeas application was pending. Page also stated that he still had not received the complete trial record (he had received the trial record but not his attorney's files from the trial). *Id.*

Page wrote a second letter to the State Bar on July 29, 2010 complaining about Scharff *Id.* Exh. J. He stated that Scharff visited him in February 2009 and told him he had a deadline of March 17, 2009 and that he "would make that timetable." *Id.* In his response, Page acknowledged that Scharff had stated in his letter that "he did not file the writ because my family told him not to." On July 30, 2010, Page wrote Scharff complaining that he had not answered his and his family's letters and phone calls and again requesting his trial records. Page stated, "I will be filing a Writ myself." *Id.* Exh. K. Page's sister wrote Scharff several more times between August 2010 and June 2011 requesting the missing records. *Id.* Exh. L, M, N, O, P.

Petitioner filed his state habeas application in June or July 2011. Doc. No. 1 at 4 (stating the writ was filed July 10, 2011); Exh. R (stating the writ was filed June 6, 2011). On

September 30, 2011, Page wrote Scharff stating, "Your actions has [*sic*] left me out in the cold for filing a federal writ petition.  Further you sent only a part of the record and I need the record that you got from my trial attorney also so that I can file the federal writ if I can still file one."  *Id.* Exh. Q.  Page's application for state habeas relief was denied by the Texas Court of Criminal Appeals on March 7, 2012.  *Id*.  Page filed this petition under 28 U.S.C. § 2254 on June 22, 2012, when he placed the document into the prison mailing system.  *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009).

  The Magistrate Judge concludes that Page filed his federal habeas petition beyond the statute of limitations and that he is not entitled to equitable tolling.  Petitioner's judgment was final on January 28, 2008; therefore, the period of time in which he had to file federal habeas petition under § 2254 expired on January 28, 2009.  Page did not file his federal habeas petition until June 22, 2012.  Although the filing of a state habeas application tolls the limitations period, s*ee id.* § 2244(d)(2),[2] Page did not file his state habeas application until after the one-year statute of limitations had already expired and therefore the filing of the state habeas petition did not toll the statute of limitations.

  Petitioner argues that the AEDPA statute of limitations should be equitably tolled.  Because the AEDPA statute of limitations is not jurisdictional, it can be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To warrant equitable tolling, Petitioner must show both that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 649 (quoting *Pace v.*

---

[2] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C.A. § 2244(d)(2); *see, e.g. Emerson v. Johnson*, 243 F.3d 931, 935 ("AEDPA's one-year statute of limitations is tolled during the period in which a Texas habeas petitioner has filed such a motion."); *Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002) ("Section 2244(d)(2) tolls the time limit for state applications that are 'pending.'").

*DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The burden is placed on Petitioner to show that both requirements have been met.  *See Holland*, 560 U.S. at 655; *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).  Equitable tolling under the AEDPA is only allowed in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner first must show that he pursued his rights diligently.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653.  "Whether diligence is reasonable is an equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance." *Palacios*, 723 F.3d at 605 (internal quotation marks omitted).

The Court finds that Petitioner was not diligent.  Page waited seven months after the finalization of his judgment (until August 2008) to hire Scharff to file his state habeas writ, and does not explain this delay.  Doc. No. 1 at Exh. A.  In *Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013), the Fifth Circuit weighed heavily the petitioner's similar "lengthy, unexcused delay in hiring an attorney."  Further, Page knew that his limitations period would expire in January but was not diligent in ensuring that a writ was filed before that time. Page provides no evidence or assertion that he was misled about the filing of the state writ *before* the AEDPA limitations period expired.  Rather, his evidence establishes only attorney neglect during that time.  "Petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012); *see also Hailey v. Stephens*, 532 F. App'x 571, 573 (5th Cir. 2013) (petitioner identified no deceptive misrepresentation before the expiration of the limitation period and

thus failed to establish egregious conduct to warrant equitable tolling).  Therefore, Page did not exercise reasonable diligence before his AEDPA limitations period expired.

Even accepting that Page was misled by Scharff and/or Campion and was told that the state writ had been timely filed, he is not entitled to equitable tolling.  An attorney's misconduct could count as an extraordinary circumstance if the attorney intentionally deceives the client and the client relies on these misrepresentations. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).  As noted, Page identified no deception before the AEDPA limitations period expired, and thus could not have relied on the deception in allowing the limitations period to run without filing his writ.

Even assuming Page has some evidence that he was misled before the limitations period expired, however, he failed to exercise reasonable diligence once he learned that the writ had not been filed.  Page knew by May 2010 at the latest that Scharff did not file the writ, and he told Scharff on July 30, 2010 that he would file the writ himself.  But Page then waited almost a year before filing the state writ in June or July 2011, and almost two years before filing his federal habeas petition in June 2012.  Any diligence that Page did display "was not enough to make up for his earlier and subsequent delay." *Palacios*, 723 F.3d at 608.

Page should have attempted to expediently file his federal habeas petition before the limitations period expired or upon learning that his state habeas writ had not been filed.  *See Palacios*, 723 F.3d at 607 (noting that a prisoner who is unsure whether their state habeas petitions have been or will be timely filed is to file a protective petition in federal court to ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("Coleman should have

attempted to expediently file his federal habeas petition upon receiving notice that his state petition had been denied."). The fact that he was attempting to obtain some of his attorney's trial records does not excuse the delay or warrant equitable tolling. *See Tiner v. Treaon*, 232 F.3d 210 (5th Cir. 2000) (rejecting argument that petitioner's inability to obtain the record preventing him from filing a timely petition).

Petitioner failed to timely file his federal habeas petition. Petitioner did not exercise reasonable diligence or face an extraordinary circumstance that would warrant equitable tolling of the statute of limitations. Therefore, the Memorandum and Recommendation of Magistrate Judge Primomo is ACCEPTED, and Petitioner's habeas petition is DISMISSED. The Court further accepts the Recommendation to DENY A CERTIFICATE OF APPEALABILITY.

SIGNED this 19th day of June, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE